# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Gilberto Martinez,<br><br>Defendant/Movant. | No. CV-17-03556-PHX-SRB<br>CR-14-00495-PHX-SRB<br><br>**ORDER** |

Defendant Gilberto Martinez was convicted after a jury trial of Possession with the Intent to Distribute Marijuana, Cocaine, and Methamphetamine. He was also convicted of Using, Carrying or Possessing a Firearm in Furtherance of a Drug-Trafficking Crime and Felon in Possession of Firearms and/or Ammunition. After Defendant was indicted, the Government filed an Information pursuant to 21 U.S.C. § 851 notifying Defendant that the Government intended to use two prior drug trafficking convictions to enhance his sentence.[1] On May 11, 2015 the Court sentenced the Defendant to the statutory mandatory minimum sentence for the crimes of conviction, namely, the mandatory minimum 25-year sentence for the cocaine and methamphetamine drug trafficking convictions and a consecutive 5-year mandatory minimum for the conviction of using, carrying or possessing a firearm in furtherance of a drug trafficking crime. Defendant received lesser concurrent

---

[1] Before sentencing the Government dismissed one of the two prior convictions alleged in the Information which reduced the mandatory minimum sentence of life imprisonment on the cocaine and methamphetamine convictions.

sentences on the marijuana and felon in possession convictions. The Ninth Circuit Court of Appeals affirmed Defendant's convictions and sentences. Thereafter, this Motion under 28 U.S.C. § 2255 was filed.

Defendant raised three grounds for relief in his § 2255 Motion. First, he claimed ineffective assistance of counsel on the grounds he never saw or discussed a written plea agreement or had any explanation as to what a plea agreement meant for him. Second, he claimed ineffective assistance of counsel regarding the Government's filing and amending the § 851 Information. Third, Defendant claimed he was subject to impermissible prosecutorial vindictiveness at the pretrial stage based on the filing of the § 851 Information and its subsequent amendment. In his reply Defendant clarified this third claim as not one for prosecutorial misconduct but rather ineffective assistance of counsel for counsel's failure to file any challenge to the § 851 enhancements. The Government responded to Defendant's § 2255 Motion and Defendant filed a reply.

The Magistrate Judge issued a Report and Recommendation on Defendant's § 2255 Motion recommending that the motion be denied and dismissed with prejudice and that a Certificate of Appealability also be denied. Defendant filed timely written objections entitled "Defendant's Response to Set Aside the Magistrate Judge's Report and Recommendation." The Government responded to the objections.

In his objections, Defendant argues that the Magistrate Judge erred in not *sua sponte* considering that the imposition of an enhanced sentence based on the § 851 Information violated the Ex Post Facto Clause of the United States Constitution. The argument appears to be that because Congress passed the First Step Act of 2018 which modified the enhanced sentences based on prior drug trafficking convictions the Magistrate Judge was required on her own to consider the First Step Act and her failure to do so violated the Ex Post Facto Clause of the United States Constitution.

The Ex Post Facto Clause applies when a law subsequently passed is applied to conduct that was previously not criminal or imposed a harsher sentence from the sentence applicable when the criminal act was committed. The First Step Act arguably made less

criminal certain conduct that had previously been punished more harshly. Even if the First Step Act were retroactive it would not violate the Ex Post Facto Clause. However, as the Government points out in its response, the First Step Act was expressly made prospective only and is not applicable to Defendant's sentence. The Government quoted from the applicable provision in its response as follows: "This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." Defendant was sentenced long prior to the enactment of the First Step Act and it does not apply to him. Defendant's objection based on the Ex Post Facto Clause of the United States Constitution and the First Step Act of 2018 is overruled.

Defendant also challenges the conclusion of the Magistrate Judge that Defendant failed to establish any ineffective assistance of counsel surrounding plea negotiations and any offered plea agreements which are the subject of both Grounds 1 and 2 of his motion. In his objection, Defendant asserts that the Magistrate Judge wrongly assumed in her discussion of plea negotiations that every contact or discussion between Defendant and his lawyer took place in the courtroom but most of the interactions were outside of court. The Magistrate Judge made no such assumption in her Report and Recommendation. Rather, the Magistrate Judge detailed much of the in-court discussion of the offered plea agreements and the status of plea negotiations and highlighted the fact that in every in-court discussion Defendant either agreed with the characterization of the negotiations or failed to object that anything that was said was not accurate. The Court agrees with the Magistrate Judge that the record conclusively established that Defendant failed to demonstrate deficient performance by his lawyer in connection with plea negotiations. The fact that some, or even most, of the interaction between Defendant and his lawyer was outside of court establishes nothing in connection with the allegations of ineffective assistance of counsel. Defendant's objection to the recommendation for the denial of the claims in Grounds 1 and 2 are overruled.

Defendant attempts to raise an entirely new ground in his objections. Defendant

argues the Magistrate Judge failed to consider the "ineffective assistance of counsel claim for failure to aggressively challenge the sentencing court's imposition of both a procedurally and substantively unreasonable sentence, by reason of not applying a within-guideline sentence, which is afforded a presumption of reasonableness." Even if the Court were to consider a ground not raised in the § 2255 Motion and raised for the first time in his objections, Defendant's argument would fail. A review of the record in this case reflects that the guideline recommended sentencing range was 420 months to life. The Government's recommended sentence was 420 months or 35 years. The Court imposed a sentence of 300 months which was the mandatory minimum sentence required by statute for the crimes of conviction. There can be no claim that his lawyer was ineffective for failing to aggressively challenge the mandatory minimum sentence over which the Court had no discretion. Defendant's objection to this new ground is overruled.

The Court finds itself in agreement with the Report and Recommendation of the Magistrate Judge.

IT IS ORDERED adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court. (Doc. 21)

IT IS FURTHER ORDERED overruling Defendant's objections to the Report and Recommendation of the Magistrate Judge.

IT IS FURTHER ORDERED denying Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

IT IS FURTHER ORDERED denying a Certificate of Appealability because Defendant has not made a substantial showing of the denial of a constitutional right.

IT IS FURTHER ORDERED directing the Clerk to enter judgment accordingly.

Dated this 28th day of May, 2019.

_____
Susan R. Bolton
United States District Judge